IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| R. LANCE FLORES, § | |
| VICKI CLARKSON, § | |
|     Plaintiffs, § | |
| vs. § | Civil No. 3:11-CV-0726-M-BH |
| § | |
| SCOTT ANTHONY KOSTER, et. al, § | |
|     Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Based on the relevant filings and applicable law, the claims against unserved defendants should be **DISMISSED** for lack of service within 120 days.

## I.  BACKGROUND

On April 8, 2011, Plaintiffs filed this *pro se* case against the defendants and paid the filing fee. On April 12, 2011, the Court issued an order stating:

> Because they paid the fee, Plaintiffs are now responsible for serving the defendants with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. If defendants are not served within 120 days after the filing of the complaint, the action is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). In addition, Fed. R. Civ. P. 4(l)(1) requires Plaintiffs to file proof of service with the Court unless service is waived. This proof must consist of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.* If Plaintiffs do not file a valid return of service or otherwise show that each defendant was properly served, this action may be dismissed.

The order also directed the clerk to mail Plaintiffs summons forms and a copy of Rule 4. The docket reflects that a copy of the summons form was served with the order.

On the 119th day after the complaint was filed, Plaintiffs filed a verified motion to extend the time for service and to allow for alternative service by electronic mail. On February 1, 2012,

the Court granted the motion and extended the time for service until February 22, 2012. More than 120 days have passed from the date that this suit was filed, and more than 120 days have passed from the extended date for service. Plaintiffs have failed to file a valid return of service on four defendants who have not appeared in this case: Christine Wong-Sang; Tulin Emre; Larry J. Busch, Jr.; and Busch Law Center, LLC.

The Court issued an order on October 24, 2012, directing Plaintiffs to show cause in writing no later than October 31, 2012, for their failure to comply with the service requirements of Rule 4 as to these four defendants. The order expressly stated that if Plaintiffs failed to comply with its terms by filing a valid return of service as to the defendants or by showing good cause in writing why service could not be timely made, dismissal of the case against these defendants would be recommended without further notice. On October 31, 2012, Plaintiffs responded to the order to show cause, contending that they have been unable to obtain service addresses for three of these defendants from other defendants, and that they expected to have some addresses by the first of November. They also state their belief that this information will only be obtained through discovery or contempt proceedings. They do not specifically address the other defendant. Despite the passing of the month of November, no evidence of service has yet been filed.

## II. ANALYSIS

Because they paid the filing fee, Plaintiffs were responsible for serving each defendant with a summons and a copy of the complaint case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. They were required to make proper service on the defendants within 120 days of filing a complaint. *See* Fed. R. Civ. P. 4(m). They were also required to file proof of service with the Court unless service was waived. *See* Fed. R. Civ. P. 4(l)(1). Proof consists of "the server's

affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.*

Where proper service is not made within 120 days of filing a complaint, an action is subject to *sua sponte* dismissal, without prejudice. Fed.R.Civ.P. 4(m). However, dismissal is not proper "if the plaintiff shows good cause for the failure" to properly effect service and a court should extend the time to serve the defendant. *Id.* The plaintiff bears the burden of showing good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. U.S.*, 9 F.3d 344, 345 (5th Cir. 1993)). A plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed. *Hickman v. U.G. Lively,* 897 F.Supp. 955, 959 (S.D. Tex. 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Here, more than one year has passed since Plaintiff filed this action, but they have not complied with Fed. R. Civ. P. 4(m) by timely serving the defendants and/or filing proof of valid service. Nor have they shown adequate cause for their failure to serve the defendants or to file proof of service, or for further extensions of the time for service in this case. The case was filed on April 8, 2011, and the time for service was ultimately extended until February 22, 2012. At this stage of the proceedings, Plaintiffs' claims against these defendants should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

### III. CONCLUSION

All claims and causes of action asserted against Christine Wong-Sang; Tulin Emre; Larry J. Busch, Jr.; and Busch Law Center, LLC, should be **DISMISSED** without prejudice to refiling for failure to comply with Fed. R. Civ. P. 4(m).

**SO RECOMMENDED**, this 12th day of December, 2012.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE