IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| R. LANCE FLORES, § | |
| VICKI CLARKSON, § | |
| Plaintiffs, § | |
| vs. § | Civil No. 3:11-CV-0726-M-BH |
| § | |
| SCOTT ANTHONY KOSTER, et. al, § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are the *pro se Plaintiffs' Motion for Default Judgment Against RICO Defendant Steven E. Woods*, filed April 15, 2012 (doc. 74), and the *Defendant Steven E. Woods' Motion to Set Aside Default*, filed May 4, 2012 (doc. 97). Based on the relevant filings and applicable law, the motion to set aside default should be **GRANTED**, and the motion for default judgment should be **DENIED**.

### I. BACKGROUND

On April 8, 2011, R. Lance Flores (Flores) and Vicki Clarkson (Clarkson) (collectively Plaintiffs) filed this *pro se* action against fourteen defendants (including Steven E. Woods (Defendant)) and eight nominal defendants based on an alleged fraudulent investment scheme. (*See* doc. 1.) On March 19, 2012, Plaintiffs filed an amended complaint adding numerous defendants and alleging different causes of action. (*See* doc. 36.) The amended complaint alleged claims arising under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., and the following state law claims: fraud in the inducement, common law fraud, negligent

1

misrepresentation and deceit, fraud by nondisclosure, aiding and abetting fraud, breach of confidential or special relationship, promissory estoppel, intentional infliction of emotional distress, and civil conspiracy. (*Id*.) They seek more than $200,000,000 in damages. (*Id*.)

The Clerk of Court issued a summons for Defendant on April 8, 2011. (Doc. 4 at 20.) On August 5, 2011, Plaintiffs moved for additional time to effect service and for alternative (email) service. (*See* doc. 10.) On February 1, 2012, the Court granted Plaintiffs' motion, extending the time for service twenty-one days (through February 22, 2012) and granting them leave to serve certain defendants by email. (*See* doc. 12.) After the extended deadline for service had expired, Plaintiffs served Defendant with a copy of the summons and amended complaint by email on March 19, 2012. (Docs. 72 at 2; 97 at 7.) On April 15, 2012, Plaintiffs moved for entry of default and default judgment against Defendant. (*See* doc. 74.) The Court Clerk entered a default against Defendant on April 16, 2012. (Doc. 87 at 1.)

On May 4, 2012, Defendant filed a Motion to Set Aside Default, along with a declaration in support of the motion. (*See* doc. 97.) He averred that Flores contacted him on February 17, 2012; he discussed the lawsuit with Flores, and explained to Flores that he was a victim of identity theft. (*Id*. at 6-7.) Flores represented that he would not proceed with the lawsuit against him. (*Id*. at 7.) Defendant was served with the amended complaint by internet around a month later, and he contacted Flores immediately. (*Id*. at 7.) Defendant testified Flores again assured him that the amended complaint would be dismissed as to him. (*Id*.) Defendant then contacted his attorney and told him that it would not be necessary to respond to the complaint based on Flores' representation that the case would be dismissed as against him. (*Id*.) Defendant testified that he did not file a timely answer to the amended complaint because he relied on Flores' statement. (*Id*.) He further

2

testified that after he received a copy of the request for entry of default, he contacted his attorney. (*Id.*) His attorney attempted to obtain a stipulation setting aside the entry of default, but Plaintiffs did not respond. (*Id.*) Defendant therefore moved to set aside the default entered against him. (*Id.*)

Plaintiffs filed no response to Defendant's motion to set aside the entry of default. The motions are ripe for consideration.

## II. MOTION TO SET ASIDE DEFAULT

Defendant moves to set aside the Clerk's entry of default. (*See* doc. 97.)

Under Rule 55(c), courts may set aside an entry of default upon a showing of good cause. FED. R. CIV. P. 55(c); *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *10 (N.D. Tex. Mar. 25, 2004). The good cause standard is a liberal one. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). In deciding whether a defendant has shown good cause, courts consider: (1) whether the failure to respond was due to excusable neglect; (2) whether the plaintiff would suffer prejudice if the default was set aside; and (3) whether the defendant has presented a meritorious defense. *Id.*; *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (adopting excusable neglect inquiry in place of willfulness); *see also Stevenson v. Verizon Wireless, LLC*, No. 3:08-CV-0168-G, 2009 WL 188188, at *2 & n. (N.D. Tex. Jan. 27, 2009) (applying excusable neglect factor in accord with *CJC Holdings*.). These factors are nonexclusive; another factor often considered by courts is whether the party acted promptly to correct the default. *Effjohn*, 346 F.3d at 563. "The decision to set aside a fault decree lies within the sound discretion of the district court." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

Excusable neglect is an "'elastic concept' and is not limited strictly to omissions caused by

3

circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The term extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. Excusable neglect has been found to include late filings resulting from "mistake, inadvertence or carelessness . . . ." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07-CV-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008); *see also Friedman & Feiger, L.L.P. v. ULofts Lubbock, LLC*, No. 3:09-CV-1384-D, 2009 WL 3378401, at *2 (N.D. Tex. Oct. 19, 2009) (defendant's mistaken reliance on settlement negotiations constituted excusable neglect); *Stelax Indus., Ltd.*, 2004 WL 733844, at *10 (defendants' default was excusable where they were under the false impression that codefendant's attorney represented them).

 Here, Defendant testified that Flores' representations that Plaintiffs did not intend to proceed against him and that he would be dismissed from the lawsuit were the reason for his failure to answer the amended complaint. (Doc. 97 at 6-7.) In reliance on Flores' representations, Defendant notified his attorney that no action was necessary on his behalf. (*Id.*) Under the circumstances, Defendant's failure to file a responsive pleading meets the "elastic" standard for excusable neglect. *Pioneer Inv. Servs. Co.*, 507 U.S. at 392; *Friedman & Feiger, L.L.P.*, 2009 WL 3378401, at *2; *Stelax Indus., Ltd.*, 2004 WL 733844, at *10. There is also no indication that Plaintiffs would suffer prejudice if the default were to be set aside. Defendant moved to set aside the default a mere 18 days after its entry–before the Court could take action on the motion for default judgment and while the case was still in its early stages. *See Verity Instruments, Inc. v. KLA-Tencor Corp.*, No. 3:06-CV-0005-D, 2006 WL 929235, at *2 (N.D. Tex. Apr. 10, 2006) (requirement that plaintiffs litigate their claims caused no unfair prejudice). Finally, Defendant's declaration raises a potentially

4

meritorious defense, identity theft, to Plaintiffs' claims against him. Because Defendant has shown good cause, his motion to set aside default should be granted.

### III. MOTION FOR DEFAULT JUDGMENT

Plaintiffs move for default judgment against Defendant. (*See* doc. 74.)

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. FED. R. CIV. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id.*; *NewYork Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank*, 874 F.2d at 276). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). Courts may consider "the amount of money at stake, the possibility of a dispute concerning material facts, and the strong policy favoring decisions on the merits." *Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004) (citing 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998). The decision to enter a judgment by default is discretionary. *Id.*

Because the Court is recommending that the entry of default be set aside, Plaintiffs cannot satisfy the second requirement for a default judgment, e.g., entry of default. FED. R. CIV. P. 55(a); *New York Life Ins. Co.*, 84 F.3d at 141. Furthermore, even if Defendant had not shown good cause to set aside the default, Plaintiffs are not entitled to default judgment as a matter of right. *Lewis*, 236 F.3d at 767. In view of the damages sought, and Defendant's potentially meritorious defense, a decision on the merits is warranted. *Stelax Indus., Ltd.*, 2004 WL 733844, at *11.

Plaintiffs' motion for default judgment should be denied.

## VI.  RECOMMENDATION

The motion to set aside default should be **GRANTED**, and the motion for default judgment should be **DENIED**. The Clerk of Court should be directed to set aside the April 16, 2012 entry of default as to Defendant, and he should be granted leave to file a responsive pleading within twenty-one (21) days of the entry of an order adopting the Findings, Conclusions and Recommendation.

**SO RECOMMENDED**, this 19th day of December, 2012.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE