IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| R. LANCE FLORES, § | |
| VICKI CLARKSON, § | |
| Plaintiffs, § | |
| vs. § | Civil No. 3:11-CV-0726-M-BH |
| § | |
| SCOTT ANTHONY KOSTER, et. al, § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are *pro se Plaintiffs' Motion for Default Judgment Against RICO Defendant William Chandler Reynolds*, filed April 15, 2012 (doc. 76), and *Defendant William Chandler Reynold's Motion for Extension of Time*, filed August 29, 2012 (doc. 185). Based on the relevant filings and applicable law, the motion for extension of time to plead should be **GRANTED**, the Clerk of Court should be directed to set aside the April 16, 2012 entry of default as to this defendant, and the motion for default judgment should be **DENIED**.

**I. BACKGROUND**

On April 8, 2011, R. Lance Flores and Vicki Clarkson (collectively Plaintiffs) filed this *pro se* action against fourteen defendants (including William Chandler Reynolds (Defendant)) and eight nominal defendants based on an alleged fraudulent investment scheme. (*See* doc. 1.) On March 19, 2012, Plaintiffs filed an amended complaint adding numerous defendants and alleging different causes of action. (*See* doc. 36.) The amended complaint alleged claims arising under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., and state law

claims of fraud in the inducement, common law fraud, negligent misrepresentation and deceit, fraud by nondisclosure, aiding and abetting fraud, breach of confidential or special relationship, promissory estoppel, intentional infliction of emotional distress, and civil conspiracy. (*Id*.) They seek more than $200,000,000 in damages. (*Id*.)

The Clerk of Court issued a summons for Defendant on April 8, 2011. (Doc. 4 at 16.) On August 5, 2011, Plaintiffs moved for additional time to effect service and for alternative (email) service. (*See* doc. 10.) On February 1, 2012, the Court granted Plaintiffs' motion, extending the time for service twenty-one days (through February 22, 2012) and giving them leave to serve certain defendants by email. (*See* doc. 12.) On February 25, 2012, Plaintiffs filed a proof of service as to Defendant, attesting that he was served with copies of the summons and complaint with attachments on February 17, 2012. (*See* doc. 23.) On April 15, 2012, Plaintiffs moved for entry of default and default judgment against Defendant. (*See* doc. 76.) The Court Clerk entered a default against Defendant on April 16, 2012. (Doc. 87 at 3.)

On August 29, 2012, Defendant filed a *pro se* pleading styled "Motion for Extension of Time, Motion to Dismiss, Motion for More Definite Statement, Defenses, Motion to Clarify Status of Plaintiffs." (*See* doc. 185.) In his motion, Defendant averred that although he received service of process for four entities,[1] none was addressed to him, and the first paper he received personally was the proposed default against him. (*Id*. at 2.)

The motions are ripe for consideration.[2]

---

[1] Defendant attached copies of summonses directed to IDLYC-USA, IDLYC-NewZealand, Mark Alan Gelazela, and IBalance LLC. (Doc. 185 at 5-8.) The summons for IBalance LLC listed Defendant as the registered agent for service of process. (*Id*. at 8.)

[2] Defendant's motions to dismiss, for more definite statement, and to clarify plaintiffs' status will be addressed separately.

## II. MOTION FOR EXTENSION OF TIME TO PLEAD

Defendant moves for an extension of time to answer the complaint. (Doc. 185 at 2.)

Federal Rule of Civil Procedure 6(b)(1)(B) provides that the court may, for good cause, extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). Excusable neglect is an "'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Its determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *See id.* at 395; *McCarty v. Thaler*, 376 F. App'x 442, 444 (5th Cir. 2010) (per curiam). These circumstances include "the danger of prejudice to the [plaintiff], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395; *see also Jones v. Powell*, No. V-09-33, 2010 WL 3909278, at *2 (S.D. Tex. Sept. 29, 2010). Excusable neglect has been found to include late filings resulting from "mistake, inadvertence or carelessness." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07-CV-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty*, 376 F. App'x at 443-444 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-98 (1990)).

Here, Defendant's responsive pleading was due twenty-one days after service, or by March 10, 2012, pursuant to FED. R. CIV. P. 12(a)(1)(A)(i). (Doc. 4 at 16.) Because that day fell on a Sunday, Defendant had until Monday, March 11, 2012, to file an answer or Rule 12 motion. FED.

R. CIV. P. 6(a)(1)(C). Defendant did not move for an extension of time to plead and for other relief until August 29, 2012, 171 days after his responsive pleading was due, and after the Clerk of Court entered a default against him. (*See* docs. 87 at 3; 185.) However, he entered an appearance before there was a ruling on the motion for default judgment. The case is still in its early stages as to this defendant, Plaintiffs are not prejudiced by the timing of the filing, and the impact on the judicial proceeding is negligible. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395; *Powell*, 2010 WL 3909278, at *2.

In addition, Defendant offered a reason for his delay in moving for additional time to plead and to dismiss: the first "paper" in the case directed to him personally was the proposed default.[3] (Doc. 185 at 2.) Although the record includes proof of service, as noted above, excusable neglect extends to late filings due to mistake, inadvertence or carelessness. *Mattress Giant Corp.*, 2008 WL 898772, at *2. In the absence of any indication that Defendant acted in bad faith, his motion to extend time to file responsive pleadings should be granted, the entry of default should be set aside and Defendant's motion to dismiss should be treated as timely.[4]

### III. MOTION FOR DEFAULT JUDGMENT

Plaintiffs move for default judgment against Defendant pursuant to Fed. R. Civ. P. 55. (*See* doc. 76.)

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First,

---

[3] Defendant does not address *when* he received notice of the proposed default. (Doc. 185 at 2.)

[4] A good cause standard also applies in deciding whether to set aside an entry of default. *See* FED. R. CIV. P. 55(c); *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *10 (N.D. Tex. Mar. 25, 2004).

4

a default occurs when a party "has failed to plead or otherwise defend" against an action. FED. R. CIV. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id.*; *NewYork Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam). Courts may consider "the amount of money at stake, the possibility of a dispute concerning material facts, and the strong policy favoring decisions on the merits." *Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004) (citing 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998). The decision to enter a judgment by default is discretionary. *Id.*

Here, Defendant has otherwise defended the case by filing a motion to extend time to plead, and to dismiss. *See Rogers v. Barnhart*, 365 F. Supp.2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank*, 874 F.2d 274, 277 (5th Cir. 1989) ("The filing of a motion to dismiss is normally considered to constitute an appearance . . . .")). Therefore, Plaintiffs cannot satisfy the first requirement for a

5

default judgment, e.g., Defendant's failure "to plead or otherwise defend." FED. R. CIV. P. 55(a); *New York Life Ins. Co.*, 84 F.3d at 141. In addition, Plaintiffs cannot satisfy the second requirement for a default judgment because the Court is recommending that the entry of default be set aside. *Id*. Furthermore, even though Defendant filed his motion after the Clerk entered default, Plaintiffs are not entitled to default judgment as a matter of right. *Lewis*, 236 F.3d at 767. In view of the damages sought, a decision on the merits is warranted. *Stelax Indus., Ltd.*, 2004 WL 733844, at *11.

Plaintiffs' motion for default judgment should be denied.

## IV. RECOMMENDATION

The motion for extension of time to plead should be **GRANTED**; the Clerk of Court should be directed to set aside the April 16, 2012 entry of default as to Defendant, and his August 29, 2012 motion to dismiss should be accepted as timely. The motion for default judgment should be **DENIED**.

**SO RECOMMENDED**, this 21st day of December, 2012.

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE