IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| R. LANCE FLORES, § | |
| VICKI CLARKSON, § | |
|     Plaintiffs, § | |
| vs. § | Civil No. 3:11-CV-0726-M-BH |
| § | |
| SCOTT ANTHONY KOSTER, et. al, § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are *pro se Plaintiffs' Motion for Default Judgment Against RICO Defendant Mark Alan Gelazela*, filed April 15, 2012 (doc. 75). Based on the relevant filings and applicable law, the motion for default judgment should be **DENIED**.

**I. BACKGROUND**

On April 8, 2011, R. Lance Flores and Vicki Clarkson (collectively Plaintiffs) filed this *pro se* action against fourteen defendants (including Mark Alan Gelazela (Defendant)) and eight nominal defendants based on an alleged fraudulent investment scheme. (*See* doc. 1.) On March 19, 2012, Plaintiffs filed an amended complaint adding numerous defendants and alleging different causes of action. (*See* doc. 36.) The amended complaint alleged claims arising under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., and the following state law claims: fraud in the inducement, common law fraud, negligent misrepresentation and deceit, fraud by nondisclosure, aiding and abetting fraud, breach of confidential or special relationship,

1

promissory estoppel, intentional infliction of emotional distress, and civil conspiracy. (*Id.*) They seek more than $200,000,000 in damages. (*Id.*)

The Clerk of Court issued a summons for Defendant on April 8, 2011. (Doc. 4 at 11.) On August 5, 2011, Plaintiffs moved for additional time to effect service and for alternative (email) service. (*See* doc. 10.) On February 1, 2012, the Court granted Plaintiffs' motion, extending the time for service twenty-one days (through February 22, 2012) and giving them leave to serve certain defendants by email. (*See* doc. 12.) On February 25, 2012, Plaintiffs filed a proof of service as to Defendant, attesting to substituted service of the summons and complaint on William Chandler Reynolds (Reynolds) on February 17, 2012. (*See* doc. 22.)

On April 15, 2012, Plaintiffs moved for entry of default and default judgment against Defendant. (*See* doc. 75.) The Court Clerk entered a default against Defendant on April 16, 2012. (Doc. 87 at 2.)

On October 24, 2012, Defendant filed a *pro se* motion to dismiss. (*See* doc. 216.) In his motion, Defendant averred that he did not receive any case documents but learned of the suit from Reynolds. (*Id.*) Defendant affirmatively states that Reynolds was not authorized to accept service on his behalf. (*Id.*)

## II. SETTING ASIDE DEFAULT

Although he did file a motion to dismiss after default was entered against him, Defendant did not move to set aside the Clerk's entry of default. (*See* doc. 216.)

When a defendant files a pleading subsequent to an entry of default, a court may construe it as a motion to set aside the default. *Little v. D & D Helping Others, Inc. No.* H-06-3295, 2008 WL 4525398, at *4 (S.D. Tex. Oct. 2, 2008), *E.E.O.C. v. Mothers Work, Inc.*, No. Civ. A. SA04CA0873-

XR, 2005 WL 465400, at *2 (W.D. Tex. Feb. 28, 2005). Moreover, a court may set aside an entry of default *sua sponte*. *UMG Recordings, Inc. v. Landers*, No. 07-1279, 2008 WL 60422, at *1 (W.D. La. Jan. 4, 2008) (citing *Mitchell v. Cent. Bank & Trust*, 49 F.3d 728, 1995 WL 103356, at *2 (5th Cir. 1995) (per curiam)).

Under Rule 55(c), courts may set aside an entry of default for good cause. FED. R. CIV. P. 55(c); *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *10 (N.D. Tex. Mar. 25, 2004). The good cause standard is a liberal one. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). In deciding whether a defendant has shown good cause, courts consider: (1) whether the failure to respond was due to excusable neglect; (2) whether the plaintiff would suffer prejudice if the default was set aside; and (3) whether the defendant has presented a meritorious defense. *Id.*; *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (adopting excusable neglect inquiry in place of willfulness); *see also Stevenson v. Verizon Wireless, LLC*, No. 3:08-CV-0168-G, 2009 WL 188188, at *2 & n. (N.D. Tex. Jan. 27, 2009) (applying excusable neglect factor in accord with *CJC Holdings*.). These factors are nonexclusive; another factor often considered by courts is whether the party acted promptly to correct the default. *Effjohn*, 346 F.3d at 563. "The decision to set aside a default decree lies within the sound discretion of the district court." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

Excusable neglect is an "'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The term extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. Excusable neglect has been found to

3

include late filings resulting from "mistake, inadvertence or carelessness . . . ." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07-CV-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008); *see also Landers*, 2008 WL 60422, at *2 (excusing defendant's delay in answering the complaint in the absence of evidence that *pro se* defendant acted intentionally); *In re Waggoner*, No. 05-21523-RLJ-7, 2007 WL 3171740, at *5 (Bankr. N.D. Tex. Oct. 24, 2007) (excusing IRS's delay in answering complaint despite failure to proffer a reason).

Here, Defendant explained that he failed to respond to the amended complaint in a timely manner because he was never served with it. Defendant is proceeding *pro se*, and nothing before the Court suggests that his failure was intentional. *Landers*, 2008 WL 60422, at *2; *In re Waggoner*, 2007 WL 3171740, at *5. Under the circumstances, Defendant's failure to file a timely answer meets the "elastic" standard for excusable neglect. *Pioneer Inv. Servs. Co.*, 507 U.S. at 392.

There is also no indication that Plaintiffs would suffer prejudice if the default were to be set aside. Defendant did not enter an appearance until October 24, 2012. (*See* docs. 87 at 3; 185.) He entered an appearance before there was a ruling on the motion for default judgment, and the case is still in its early stages. *See Verity Instruments, Inc. v. KLA-Tencor Corp.*, No. 3:06-CV-0005-D, 2006 WL 929235, at *2 (N.D. Tex. Apr. 10, 2006) (requirement that plaintiffs litigate their claims caused no unfair prejudice).

Finally, Defendant's motion to dismiss raises a defense of insufficient service of process. *See* FED. R. CIV. P. 12(b)(5). Therefore, he has presented a potentially meritorious defense to Plaintiffs' claims against him. *Effjohn*, 346 F.3d at 563; *CJC Holdings*, 979 F.2d at 64. Because there is good cause, the default entered against Defendant on April 16, 2012 should be set aside.

### III. MOTION FOR DEFAULT JUDGMENT

Plaintiffs move for default judgment against Defendant pursuant to Fed. R. Civ. P. 55. (*See* doc. 75.)

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. FED. R. CIV. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id.*; *NewYork Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam). Courts may consider "the amount of money at stake, the possibility of a dispute concerning material facts, and the strong policy favoring decisions on the merits." *Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004) (citing 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE &

5

...

RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998). The decision to enter a judgment by default is discretionary. *Id*.

Here, Defendant has otherwise defended the case by filing a motion to dismiss. *See Rogers v. Barnhart*, 365 F. Supp.2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank*, 874 F.2d 274, 277 (5th Cir. 1989) ("The filing of a motion to dismiss is normally considered to constitute an appearance . . . .")). Therefore, Plaintiffs cannot satisfy the first requirement for a default judgment, e.g., Defendant's failure "to plead or otherwise defend." FED. R. CIV. P. 55(a); *New York Life Ins. Co.*, 84 F.3d at 141. In addition, Plaintiffs cannot satisfy the second requirement for a default judgment because the Court is recommending that the entry of default be set aside. *Id*. Furthermore, even though Defendant filed his motion after the Clerk entered default, Plaintiffs are not entitled to default judgment as a matter of right. *Lewis*, 236 F.3d at 767. In view of the damages sought, a decision on the merits is warranted. *Stelax Indus., Ltd.*, 2004 WL 733844, at *11.

Plaintiffs' motion for default judgment should be denied.

## IV. RECOMMENDATION

The motion for default judgment should be **DENIED**; the Clerk of Court should be directed to set aside the April 16, 2012 entry of default as to Defendant, and his October 24, 2012 motion to dismiss should be accepted as timely.

**SO RECOMMENDED**, this 28th day of December, 2012.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE