IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| R. LANCE FLORES, § | |
| VICKI CLARKSON, § | |
|     Plaintiffs, § | |
| vs. § | Civil No. 3:11-CV-0726-M-BH |
| § | |
| SCOTT ANTHONY KOSTER, et. al, § | |
|     Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *pro se Plaintiffs' Motion for Default Judgment Against Nominal Defendant IDLYC Holdings Trust, LLC (USA)*, filed April 15, 2012 (doc. 84). Based on the relevant filings and applicable law, the motion for default judgment should be **DENIED**.

### I. BACKGROUND

On April 8, 2011, R. Lance Flores and Vicki Clarkson (collectively Plaintiffs) filed this *pro se* action against fourteen defendants (including IDLYC Holdings Trust LLC (USA) (Defendant)) and eight nominal defendants based on an alleged fraudulent investment scheme. (*See* doc. 1.) On March 19, 2012, Plaintiffs filed an amended complaint adding numerous defendants and alleging different causes of action. (*See* doc. 36.) The amended complaint alleged claims arising under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., and state law claims of fraud in the inducement, common law fraud, negligent misrepresentation and deceit, fraud by nondisclosure, aiding and abetting fraud, breach of confidential or special

1

relationship, promissory estoppel, intentional infliction of emotional distress, and civil conspiracy.[1] (*Id.*) They seek $220,000,000 in actual damages,[2] and ask that the amount be trebled under RICO for a total award of $660,000,000. (*Id.* at 187, 190-191, 217, 219) The amended complaint further alleges that the defendants are jointly and severally liable. (*Id.* at 12, 219, 221.)

The Clerk of Court issued a summons for Defendant on April 8, 2011. (Doc. 4 at 5.) On February 25, 2012, Plaintiffs filed a proof of service attesting to service of the summons and complaint on William Chandler Reynolds (Reynolds) as a person designated to accept service of process on behalf of Defendant in Palm Beach Gardens, Florida as of February 17, 2012.[3] (*See* doc. 21.)

On April 15, 2012, Plaintiffs moved for entry of default and default judgment against Defendant. (*See* doc. 84.) The Court Clerk entered a default against Defendant on April 16, 2012. (Doc. 87 at 10.) Defendant has not responded, and the motion for judgment is ripe for consideration.

## II. DEFAULT JUDGMENT

Plaintiffs move for default judgment under Fed. R. Civ. P. 55. (*See* doc. 84.)

Rule 55 sets forth the conditions under which default may be entered against a party, as well

---

[1] Plaintiffs' amended complaint makes numerous references to a case now pending in the Central District of California, *SEC v. Wilde*, 8:11-CV-315-DOC-AWJ, involving several of the named defendants in this case. (Doc. 36 at 8 n. 2, 11 & n. 11, 48 n. 22, 60.) Whether the two suits are related, and to what extent, is unclear from the record.

[2] The source of Plaintiffs' alleged damages is not readily apparent from the amended complaint or from their "Verified Prove-Up of Damages"; the damages sought are not necessarily limited to the sum of Plaintiffs' investment. (*See* docs. 36 and 104.)

[3] The summons and complaint list Mark Gelezela [sic] (Gelezela) as registered agent for Defendant and recite an address in Los Angeles, California. (Docs. 1 at 18-19; 4 at 5.) The complaint alleges that both Gelezela and Reynolds were managing members of Defendant. (Doc. 1 at 17-19.) Because the Court is recommending that Plaintiffs' motion be denied at this stage, it does not consider whether Plaintiffs effected proper service on Defendant through William Chandler Reynolds at this time.

2

as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. FED. R. CIV. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id.*; *NewYork Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

Here, because Defendant has failed to plead or otherwise defend, and Plaintiffs have obtained an entry of default from the Court Clerk, the first two requisites for a default judgment have been met. Remaining for determination is whether entry of a default judgment is appropriate.

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam). The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004).

Courts consider numerous factors in deciding whether to grant a motion for default judgment. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS,

FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998). The applicable factors include: 1) the amount of money involved; 2) whether there are material issues of fact or issues of substantial public importance at stake; 3) whether the default is technical in nature; 4) the extent of prejudice to the plaintiff due to the delay; 5) whether the grounds for default are clearly established; 6) the harsh effect of a default judgment; 7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; 8) whether the plaintiff's actions contributed to delay; and 9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see also Stelax Indus., Ltd.*, 2004 WL 733844, at *11(citing 10A WRIGHT, MILLER, KANE & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685).

Moreover, "[w]here one of multiple defendants is in default, as a general rule, a decree of default may be entered, but a judgment is withheld pending a decision on the merits as to the other defendants." *Raleigh Cycle Co. of Am. v. Risha*, No. H-84-522, 1987 WL 11889, at *1 (S.D. Tex. May 27, 1987) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872). In *Frow*, the Supreme Court stated that:

> where a [complaint] makes a joint charge against several defendants, and one of them makes default, [a court] is simply to enter a default . . . and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike–the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.

82 U.S. (15 Wall.) at 554; *see also Lewis*, 236 F.3d at 768 (recognizing that when "a defending party establishes that plaintiff has no cause of action . . . this defense generally inures to the benefit of a defaulting defendant"); *Grimball v. New Orleans City*, No. 10-3657, 2012 WL 3027921, at *2 (E.D.

La. July 24, 2012) (applying *Frow* to avoid the possibility of inconsistent judgments); *American S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3-5 (E.D. Tex. Dec. 28, 2010) (same), *recommendation adopted by* 2011 WL 288604 (Jan. 27, 2011).[4] While *Frow* applies "when the liability is joint and several, it probably can be extended to situations in which several defendants have closely related defenses." *Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek P'ship, Ltd.*, No. 4:08-CV-3044, 2010 WL 5583118, at *3 (S.D. Tex. Feb. 26, 2010) (quoting from 10A WRIGHT, MILLER, KANE & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2690).

In this case, the *pro se* Plaintiffs sue under the RICO statute and request trebling of the $220,000,000 they claim as actual damages, for a total award of $660,000,000. *Rolle v. Law Office of Samuel Streeter, PLLC*, No. CIV 08-274-TUC-CKJ, 2010 WL 729022, *6 (D. Ariz. Mar. 2, 2010) ("If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored."); *see also Lott v. Indian Harbor Marine, Inc.*, No. 96-2480, 1997 WL 325368 (E.D. La. June 11, 1997) (denying motion for default judgment in part because the damages sought exceeded $500,000). Because the damages claimed by Plaintiffs are unliquidated, assessing an appropriate damage award with reasonable certainty would be difficult at this stage of the case. *See Bullock v. Abbott & Ross Credit Services, L.L.C.*, No. A-09-CV-413 LY, 2009 WL 4598330, at *2 (W.D. Tex. Dec. 3, 2009) (Mag.) (noting that in default judgment context, plaintiff must still prove damages with "reasonable certainty"). The first factor therefore weighs against entry of a default judgment.

Other factors likewise favor denial. Under the second factor, Plaintiffs' citation to an SEC action in California that may involve related issues suggests that there are issues of substantial

---

[4] *Compare Mori Seiki USA, Inc. v. McIntyre*, No. 3:06-CV-2344-B, 2008 WL 577274, at *2 (N.D. Tex. Mar. 4, 2008) (granting default judgment in a case involving joint and several liability based on a finding that there was no risk of inconsistent judgments)


public policy at stake. As for the fourth factor, there appears to be little or no prejudice to Plaintiffs if the motion is denied, since the case is still in the early stages of litigation. *Stelax Indus., Ltd.*, 2004 WL 733844, at *11-12. The fifth factor, whether the grounds for default are clearly established, also weighs against default judgment because although the proof of service states that Reynolds is authorized by law to accept service of process on Defendant's behalf, the complaint does not include any such allegation. Under the sixth factor, default judgment appears especially harsh in light of the substantial damages request. The ninth factor, whether the Court would be obliged to set aside the default upon Defendant's motion, mitigates against default judgment because of the uncertainty regarding whether Reynolds was authorized to accept service for Defendant.

Finally, Plaintiffs allege that all defendants are jointly and severally liable. *Frow* applies because the answering defendants have asserted defenses pursuant to Rule 12(b)(1), (2), (5) and (6) that may also inure to Defendant's benefit. *Frow*, 82 U.S. at 554; *Lewis*, 236 F.3d at 768. The defenses, many of which have been raised by pending motions, establish the existence of potential issues of material fact. In addition, Plaintiffs' numerous references to the pending SEC action raises the specter of inconsistent judgments, and this possibility warrants further factual development. In view of these considerations and the strong policy in favor of decisions on the merits, default judgment is unwarranted at this stage of the proceedings.[5] *Stelax Indus., Ltd.*, 2004 WL 733844, at *11. Plaintiffs' motion for default judgment should be denied.

### III. RECOMMENDATION

The motion for default judgment should be **DENIED** without prejudice to Plaintiffs' right

---

[5] The remaining factors either favor Plaintiffs (whether the default is technical in nature and whether the plaintiff contributed to any delay of the case) or are neutral in effect because there is no evidence on those points (e.g., whether Defendant's failure to appear was due to excusable neglect).

to reassert the motion at a later date to be determined by the Court.

  **SO RECOMMENDED**, this 2nd day of January, 2013.

<div style="text-align:right">

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

</div>

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

<div style="text-align:right">

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

</div>