IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| R. LANCE FLORES, | § | |
| VICKI CLARKSON, | § | |
|     Plaintiffs, | § | |
| vs. | § | Civil No. 3:11-CV-0726-M-BH |
| | § | |
| SCOTT ANTHONY KOSTER, et. al, | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Nominal Defendant Hongkong and Shanghai Banking Corp. Ltd., Ti's Motion to Dismiss for Lack of Personal Jurisdiction*, filed August 3, 2012 (doc. 142). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED**.

**I. BACKGROUND**

On April 8, 2011, R. Lance Flores and Vicki Clarkson (collectively Plaintiffs) filed this *pro se* action against fourteen defendants and eight nominal defendants based on an alleged fraudulent investment scheme. (*See* doc. 1.) On March 19, 2012, Plaintiffs filed an amended complaint adding numerous defendants (including Hongkong and Shanghai Banking Corp. Ltd., Ti (Defendant)) and alleging different causes of action. (*See* doc. 36.) The amended complaint alleged claims arising under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., and state law claims of fraud in the inducement, common law fraud, negligent misrepresentation and deceit, fraud by nondisclosure, aiding and abetting fraud, breach of

1

confidential or special relationship, promissory estoppel, intentional infliction of emotional distress, and civil conspiracy.[1] (*Id.*) They seek $220,000,000 in actual damages,[2] and ask that the amount be trebled under RICO for a total award of $660,000,000. (*Id.* at 187, 190-191, 217, 219.)[3] The amended complaint further alleges that the defendants are jointly and severally liable. (*Id.* at 12, 219, 221.)

Defendant is one of several "nominal" defendants named in the amended complaint. (*See* Doc. 36.) Plaintiffs do not allege that Defendant engaged in any wrongdoing. (Doc. 178 at 2, 19.) Plaintiffs named Defendant in the suit in an effort to facilitate the recovery of funds from the RICO defendants. (*Id.*) Plaintiffs allege that another defendant, Deutsche Bank, transferred a financial instrument "through" Defendant to New Zealand, and from there the money was paid out to "certain U.S. principals." (Docs. 36 at 41, 68-69; 142 at 3.) At another point in the amended complaint, Plaintiffs allege that a Hong Kong banker's vacation interfered with a banking transaction. (Docs. 36 at 92-93; 142 at 3.)

Defendant is a foreign entity organized under the laws of Hong Kong. (Doc. 142-2 at 1.) It does not have a registered agent for service of process in the United States, but accepts service in Hong Kong. (Doc. 142-2 at 1.) Defendant maintains no offices or other facilities in the United States. (Doc. 142 at 1.)

---

[1] Plaintiffs' amended complaint makes numerous references to a case now pending in the Central District of California, *SEC v. Wilde*, 8:11-CV-315-DOC-AWJ, involving several of the named defendants in this case. (Doc. 36 at 8 n. 2, 11 & n. 11, 48 n. 22, 60.) Whether the two suits are related, and to what extent, is unclear from the record.

[2] The source of Plaintiffs' alleged damages is not readily apparent from the amended complaint or from their "Verified Prove-Up of Damages"; the damages sought are not necessarily limited to the sum of Plaintiffs' investment. (*See* docs. 36 and 106.)

[3] Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

HSBC Bank USA, N.A.(HBUS) is a national banking association. (*Id*.) HBUS has no record of accounts in Plaintiffs' names within the last two years. (Doc. 142-1 at 2.) It is not an "aka" for Defendant. (Doc. 142-2 at 2.) Instead, HBUS and Defendant share the same parent company, HSBC Holdings, PLC. (Doc. 142 at 2 n. 1).

The Clerk of Court issued a summons for Defendant on June 29, 2012. (Doc. 128 at 5.) As issued, the summons read "TO: Hong Kong and Shanghai Banking Corp. Ltd. Ti, HSBC, Hong Kong, China." (*Id*.) On July 23, 2012, Plaintiffs filed a proof of service with a copy of the summons. (*See* doc. 138.) It read: "TO: HSBC Bank USA, National Association aka Hong Kong and Shanghai Banking Corp. Ltd. Ti, HSBC, Hong Kong, China." (*Id*. at 1-2.) Plaintiffs served Margaret Wilson, a process agent for CT Corporation at 818 W. 7th Street, #200, Los Angeles, CA 90017. (*Id*. at 1.)

On August 3, 2012, Defendant moved to dismiss based on lack of personal jurisdiction and insufficient service of process. (*See* doc. 142.) With a timely filed response and reply, its motion is ripe for consideration. (*See* docs. 178 and 194.)

## II. RULE 12(b)(5) MOTION

Defendant moves to dismiss under FED. R. CIV. P. 12(b)(5). (*See* doc. 142.)

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1). Subsection (h) governs service on corporations. It provides in relevant part: "a domestic or foreign corporation . . . must be served: . . . (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(I). FED. R. CIV. P. 4(h)(2). Rule 4(f) permits service:

3

    (1)       by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

    (2)       if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

          (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

          (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

          (C) unless prohibited by the foreign country's law, by:

. . .

              (ii) using any form of mail that the clerk addresses and send to the individual and that requires a signed receipt; or

    (3) by other means not prohibited by international agreement, as the court orders.

F. R. CIV. P. 4(f)(1)-(3).

Here, Defendant is a foreign corporation. Plaintiffs did not effect service on it in compliance with Rule 4(f). Instead, they served the registered agent for a United States subsidiary of Defendant's parent corporation. Service of process is therefore insufficient. Because the Court ultimately lacks personal jurisdiction over Defendant, dismissal is appropriate. *See Grant-Brooks v. Nationscredit Home Equity Servs. Corp.*, No. 3:01-CV-2327, 2002 WL 424566, at *4 (N.D. Tex. Mar. 15, 2002) ("dismissal is not appropriate unless 'there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant'") (citing *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959)).

### III. RULE 12(b)(2) MOTION

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(2). (*See* doc. 142.) It contends that it lacks the requisite minimum contacts with Texas to support the exercise of personal jurisdiction

over it.

The exercise of personal jurisdiction over a non-resident defendant is proper when: (1) the non-resident is subject to jurisdiction under the laws of the state in which the court sits; and (2) the exercise of jurisdiction over the defendant comports with the due process requirements of the United States Constitution. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985); *Panda Brandywine Corp. v. Potomac Electric Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001) (per curiam). A defendant is amenable to the personal jurisdiction of a federal court sitting in diversity to the same extent as a state court in the same forum. *Pedelahore v. Astropark, Inc.*, 745 F.2d 346, 347 (5th Cir. 1984); *see also* Fed. R. Civ. P. 4(e)(1), 4(h)(1). Because the Texas long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by the due process clause of the Fourteenth Amendment, only the federal due process inquiry need be addressed. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); Tex. Civ. Prac. & Rem. Code Ann. § 17.041 *et seq*. (West 2012). "Exercising personal jurisdiction over a nonresident defendant is compatible with due process when (1) that defendant has purposefully availed [itself] of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Panda Brandywine Corp.*, 253 F.3d at 867.

The "minimum contacts" prong of the analysis is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S.

5

286, 297 (1980). There are two types of minimum contacts: those giving rise to general jurisdiction and those giving rise to specific jurisdiction. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 3091 (2011). General jurisdiction exists where the nonresident's contacts with the forum state are unrelated to the cause of action but are "continuous and systematic." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Alpine View Co. Ltd. v. Atlas Copso AB*, 205 F.3d 208, 215 (5th Cir. 2000). Specific jurisdiction is appropriate where the nonresident has purposefully directed its activities at the forum state and the "litigation results from alleged injuries that arise out of or relate to those activities." *Alpine View Co. Ltd.*, 205 F.3d at 215 (quoting *Burger King Corp.*, 471 U.S. at 472) (internal quotation marks omitted). The plaintiff has the burden of establishing minimum contacts. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989).

Where, as here, the court does not conduct an evidentiary hearing, the plaintiff need only make a *prima facie* showing in support of jurisdiction. *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003). The Court must accept that party's uncontroverted factual allegations as true and resolve all factual disputes in its favor. *Alpine View Co., Ltd.*, 205 F.3d at 215 (citing *Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 326 (5th Cir. 1996). It is not required "to credit conclusory allegations, even if uncontroverted," however. *Panda Brandywine Corp.*, 253 F.3d at 869.

**A.     General Jurisdiction**

A court may assert general jurisdiction over a nonresident defendant when the defendant's contacts are substantial, continuous, and systematic. *Central Freight Lines Inc.*, 322 F.3d at 381 (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414). As recently reaffirmed by the

Supreme Court, these contacts must be "so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Coperations, S.A. v. Brown*, ___ U.S. ___, 131 S. Ct. 2846, 2851 (2011). The Fifth Circuit has "consistently imposed the high standard set by the Supreme Court when ruling on general jurisdiction issues." *Johnston v. Multidata Systems Int'l. Corp.*, 523 F.3d 602, 610-11 (5th Cir. 2008). In determining whether general jurisdiction exists, courts do not examine each of a non-resident's contacts with the forum state in isolation from one another, but examine them "*in toto* to determine whether they constitute the kind of continuous and systematic contacts required to satisfy due process." *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 779 (5th Cir. 1986).

Here, Defendant is a foreign entity organized under the laws of Hong Kong. (Doc. 142-2 at 1.) It does not have a registered agent for service of process in the United States. (Doc. 142-2 at 1.) Defendant maintains no offices or other facilities in the United States. (Doc. 142 at 1.) Neither the contacts of Defendant's parent company nor those of HBUS with Texas, if any, may be imputed to Defendant. *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004) ("As a general rule, however, the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated."). Plaintiffs may not rely on the other defendants' contacts with the forum state are relevant for purposes of determining whether personal jurisdiction over Defendant exists; aggregation of contacts is improper. *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980) (holding that it is improper to aggregate the forum contacts of defendant parties in deciding whether to exercise personal jurisdiction). Plaintiffs have not shown that Defendant has *any* contacts with Texas, and nothing that demonstrates that Defendant is "at home"

in the forum state." *Goodyear Dunlop Tires Operations, S.A.*, 131 S. Ct. at 2581. Plaintiffs have not made a *prima facie* showing of general jurisdiction.

B.     **Specific Jurisdiction**

As discussed, specific jurisdiction over a non-resident defendant exists when a plaintiff's claims against the defendant arise out of or relate to activities that the defendant purposefully directed at the forum state. *Burger King Corp.*, 471 U.S. at 472. Specific jurisdiction is a claim-specific inquiry and requires less pervasive contacts with the forum state than general jurisdiction. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

Here, Plaintiffs candidly admit they have no claims against Defendant, but that they joined Defendant to assist in the recovery of funds from other defendants.[4] In terms of specific contacts related to the litigation as a whole, Plaintiffs aver only that funds from the RICO defendants' fraudulent investment schemes passed through Defendant's bank. Plaintiffs have not alleged or shown that Defendant purposefully directed *any* activities at the forum state; therefore, they cannot establish minimum contacts related to any *claims* against Defendant. Plaintiffs have not made a *prima facie* showing of specific jurisdiction. Defendant's motion to dismiss should be granted.[5]

## IV.  RECOMMENDATION

The motion to dismiss should be **GRANTED**.

---

[4] Plaintiffs' characterization of Defendant as "nominal" does not excuse the necessity of making a *prima facie* showing of personal jurisdiction. *See Domanus v. Lewicki*, 779 F. Supp.2d 739, 750 (N.D. Ill. Mar. 14, 2011) (applying traditional due process inquiry to nominal defendant's challenge to court's exercise of personal jurisdiction).

[5] Since Defendant does not have the requisite minimum contacts with Texas, it is unnecessary to consider whether exercising jurisdiction would comport with traditional notions of fair play and substantial justice. *See Southern Copper, Inc. v. Specialloy, Inc.*, No. 00-50408, 2000 WL 1910176, at *4 (5th Cir. Dec. 22, 2000) (per curiam); *Felch*, 92 F.3d at 329 n. 20.

**SO RECOMMENDED**, this 14th day of January, 2013.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9