**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **R. LANCE FLORES,** | § | |
| **VICKI CLARKSON,** | § | |
| **Plaintiffs,** | § | |
| **vs.** | § | **Civil No. 3:11-CV-0726-M-BH** |
| | § | |
| **SCOTT ANTHONY KOSTER, et. al,** | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Nominal Defendants Deutsche Bank and Deutsche Bank AG London Branch's Motion to Dismiss*, filed August 7, 2012 (doc. 148). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED**.

## I. BACKGROUND

On April 8, 2011, R. Lance Flores and Vicki Clarkson (collectively Plaintiffs) filed this *pro se* action against fourteen defendants and eight nominal defendants based on an alleged fraudulent investment scheme. (*See* doc. 1.) On March 19, 2012, Plaintiffs filed an amended complaint adding numerous defendants (including Deutsche Bank and Deutsche Bank AG London Branch (Defendants)) and alleging different causes of action. (*See* doc. 36.) The amended complaint alleged claims arising under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., and state law claims of fraud in the inducement, common law fraud, negligent misrepresentation and deceit, fraud by nondisclosure, aiding and abetting fraud, breach of confidential or special relationship, promissory estoppel, intentional infliction of

1

emotional distress, and civil conspiracy.[1]  (*Id*.)  They seek $220,000,000 in actual damages,[2] and ask

that the amount be trebled under RICO for a total award of $660,000,000.  (*Id*. at 187, 190-191, 217,

219.)[3]  The amended complaint further alleges that the defendants are jointly and severally liable.

(*Id*. at 12, 219, 221.)

Defendants are two of several "nominal" defendants named in the amended complaint.  (*See*

Doc. 36.)  Plaintiffs do not allege that Defendants engaged in any wrongdoing.  (Docs. 149 at 2; 199

at 15.)  They contend they named Defendants in the suit in an effort to facilitate the recovery of

funds from others denominated as RICO defendants.  (*Id*.)  Plaintiffs only allege that Defendants

issued a guarantee, a letter of credit, and a standby letter of credit instrument, and that they

established a business relationship with one of the individual defendants, Scott Koster.  (Docs. 36

at 41, 68, 89; 149 at 5-6.)

On August 7, 2012, Defendants moved to dismiss pursuant to Rule 9(b), 12(b)(1), 12(b)(5)

and 12(b)(6).  (*See* doc. 148.)  With a timely response and reply, their motion is ripe for

consideration.  (*See* docs. 199 and 202.)

## II.  RULE 12(b)(1) MOTION

Defendants move to dismiss Plaintiffs' claims against them for lack of subject matter

---

[1]  Plaintiffs' amended complaint makes numerous references to a case now pending in the Central District of California, *SEC v. Wilde*, 8:11-CV-315-DOC-AWJ, involving several of the named defendants in this case.  (Doc. 36 at 8 n. 2, 11 & n. 11, 48 n. 22, 60.)  Whether the two suits are related, and to what extent, is unclear from the record.

[2]  The source of Plaintiffs' alleged damages is not readily apparent from the amended complaint; the damages sought are not necessarily limited to the sum of Plaintiffs' investment.  (*See* doc. 36.)

[3]  Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).[4]

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.*

Here, because Defendants' Rule 12(b)(1) motion to dismiss relies on the amended complaint, it presents a facial attack that does not require the Court to resolve matters outside the pleadings.

---

[4] Deutsche Bank AG London Branch also moves to dismiss under Rule 12(b)(5) for insufficient service of process. (Doc. 149 at 7-8.) In addition, both Defendants move to dismiss Plaintiffs' claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted and for failure to satisfy Fed. R. Civ. P. 9(b). (*Id.* at 4-7.) "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* When a court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

*See Bridgewater v. Double Diamond-Delaware, Inc.*, 3:09-CV-1758-B, 2010 WL 1875617, at *5 (N.D. Tex. May 10, 2010); *Lester v. Lester*, No. 3:06-CV-1357-BH, 2009 WL 3573530, at *4 (N.D. Tex. Oct. 29, 2009).

## A.     Nominal Defendant Doctrine

Defendants contend that Plaintiffs lack Article III standing to assert any of the claims alleged in the complaint against them.  (Doc. 149 at 2-4.)  Plaintiffs respond that because they have named Defendants as nominal defendants, they need not demonstrate standing as to them.  (Doc. 199 at 14-16.)  Because the standing issue turns on whether Defendants are properly joined as nominal defendants, this issue will be addressed first.

A nominal defendant

is a person who can be joined to aid the recovery of relief without an additional assertion of subject matter jurisdiction only because he has no ownership interest in the property which is the subject of litigation.  Because a nominal defendant has no ownership interest in the funds at issue, once the district court has acquired subject matter jurisdiction over the litigation regarding the conduct that produced the funds, it is not necessary for the court to separately obtain subject matter jurisdiction over the claim to the funds held by the nominal defendant; rather, the nominal defendant is joined purely as a means of facilitating collection.  In short, a nominal defendant is part of a suit only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant.

*Janvey v. Adams*, 588 F.3d 831, 834 (5th Cir. 2009) (quoting *CTFC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 191-192 (4th Cir. 2002) (internal quotation marks omitted)).[5]  It is proper to resort to the nominal defendant mechanism when the defendant "holds the subject matter of the litigation 'in a subordinate or possessory capacity as to which there is no dispute.'"  *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991) (quoting *Colman v. Shimer*, 163 F. Supp. 347, 351 (W.D. Mich.

---

[5]"Nothing in the Federal Rules of Civil Procedure uses that [nominal defendant] nomenclature."  *Little v. King*, 768 F. Supp.2d 56,  61 (D.D.C. 2001).

1958) (internal quotation marks and citations omitted)). In the usual case, the nominal defendant is a "trustee, agent, or depositary . . . ." In order to be considered a proper nominal defendant under *Janvey*, the party: 1) must be in possession of ill-gotten funds; 2) as to which it lacks a legitimate claim of ownership. *Id.* (citing *SEC v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998).[6] The plaintiff bears the burden of proving that a party is properly joined as a nominal defendant. *Colello*, 139 F.3d at 677; *see also Picard Chemical Inc. Profit Sharing Plan v. Perrigo Co.*, 940 F. Supp. 1101, 1137 (W.D. Mich. 1996) (Plaintiffs "may not be joined without a showing that they possess illegally obtained profits without a legitimate claim to them.") (citing *Cherif*, 933 F.2d at 414 n. 11; *SEC v. Antar*, 831 F. Supp. 380 (D.N.J. 1993).

Here, Plaintiffs have alleged that other defendants obtained letters or credit or other financial instruments from Defendants. Nowhere in their amended complaint do they allege that Defendants are in possession of ill-gotten gains from the other defendants' allegedly tortious conduct, or that if they do possess such gains, they have no legitimate ownership interest in the funds.[7] *Janvey v. Adams*, 588 F.3d at 834; *Kimberlynn Creek Ranch, Inc.*, 276 F.3d at 191-192; *SEC v. Cherif*, 933 F.2d at 414. In the absence of specific factual allegations meeting the threshold requirements for invoking the nominal defendant mechanism, Plaintiffs have failed to demonstrate that Defendants have been properly named as nominal defendants in this case.

Plaintiffs also contend that Rule of Civil Procedure 19(a) supports the Defendants' joinder

---

[6] *See also SEC v. Cavanaugh*, 445 F.3d 105, 109-110 (2d Cir. 2006); *SEC v. George*, 426 F.3d 786, 798 (6th Cir. 2005); *Kimberlynn Creek Ranch, Inc.*, 276 F.3d at 191-192; *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998); *SEC v. Cherif*, 933 F.2d 403, 414 n. 11 (7th Cir. 1991).

[7] Plaintiffs' brief in opposition to the motion purports to identify financial instruments from Deutsche Bank related to allegedly fraudulent transactions conducted by other defendants. (Doc. 199 at 12-13.) Because these allegations are not contained in the amended complaint contains, they have not been considered. Even if considered, however, Plaintiffs still have not alleged that Defendants are in possession of ill-gotten gains.

as nominal defendants because they are necessary parties. (Doc. 199 at 6-7.) To the extent that courts have utilized Rule 19(a) as an aid in determining whether a party is a nominal defendant, they have concluded that classification of a party as necessary or indispensable forecloses status as a nominal defendant. *Farias v. Bexas County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991) ("[A] nominal party is one which is "neither necessary nor indispensable to join in the action.") (in the context of removal and diversity jurisdiction).[8] In *Cherif,* the Seventh Circuit stated:

> "By definition, a nominal defendant cannot be a 'necessary' or 'indispensable' party, as those terms are used in FED. R. CIV. P. 19. A necessary party is one who 'claims an interest relating to the subject of the action.' A nominal defendant . . . has no interest in the property that is the subject of the litigation."

933 F.2d at 414 n. 13 (citing *Salem Trust Co. v. Manufacturers' Finance Co.*, 264 U.S. 182, 188-200 (1924).

Plaintiffs have not satisfied their burden of showing that Defendants are proper nominal defendants, e.g., that Defendants are in possession of ill-gotten gains over which they have no claim of entitlement. Because they have not met their burden, Plaintiffs are required to demonstrate Article III standing to bring a claim against Defendants.[9]

## B.  Standing

Defendants assert that Plaintiffs lack Article III standing to assert any of the claims alleged in the complaint against them because they cannot show an injury "fairly traceable" to them." (Doc. 149 at 2-4.)

---

[8] *See also American Asset Finance, LLC v. Corea Firm*, 821 F. Supp.2d 698, 700 (D.N.J. 2011); *Mallalieu-Golder Ins. Agency, Inc. v. Executive Risk Indemnity, Inc.*, 254 F. Supp.3d 521, 524-524 (M.D. Pa. 2003);

[9] Some courts have used Rule 21 as a mechanism for dropping defendants who are improperly joined as nominal defendants. Fed. R. Civ. P. 21; *see also Moubry v. Kreb*, 58 F. Supp.2d 1041, 1048 (D. Minn. 1999) ("Dismissal [pursuant to Rule 21] is proper as to nominal defendants from whom no relief is sought.").

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). This requirement, like other jurisdictional requirements, is "not subject to waiver." *Lewis v. Casey*, 518 U.S. 343, 349 n. 1 (1996). The Supreme Court "insist[s] on strict compliance" with the requirement. *Raines*, 521 U.S. at 819.

To meet the standing requirement, plaintiffs "must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Id.* at 818-819 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)); *accord Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). As stated in *City of Los Angeles v. Lyons*, to satisfy the "case or controversy" requirement of Article III, a "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." 461 U.S. at 101-02 (citations and internal quotation marks omitted) (addressing standing to sue). "The constitutional limits on standing eliminate claims in which the plaintiff has failed to make out a case or controversy between [the plaintiff] and the defendant." *Lewis v. Knutson*, 699 F.2d 230, 236 (5th Cir. 1983). Courts are to assess a plaintiff's "standing to bring each of its claims against each defendant." *Coastal Habitat Alliance v. Patterson*, 601 F. Supp.2d 868, 877 (W.D. Tex. 2008) (citing *James v. City of Dallas*, 254 F.3d 551, 563 (5th Cir. 2001), *aff'd* 385 F. App'x 358 (5th. Cir. 2010)); *see also Hoyt v. City of El Paso, Tex.*, ___ F. Supp.2d ___, 2012 WL 2888792, at *4 (W.D. Tex. July 10, 2012) (same); *Sullo & Bobbitt, PLLC v. Abbott*, No. 3:11-CV-

1926-D, 2012 WL 2796794, at *5 (N.D. Tex. July 10, 2012) (dismissing claim in part because plaintiffs could not show an injury fairly traceable to defendant).

Here, Plaintiffs allege claims arising under RICO and state law claims of fraud in the inducement, common law fraud, negligent misrepresentation and deceit, fraud by nondisclosure, aiding and abetting fraud, breach of confidential or special relationship, promissory estoppel, intentional infliction of emotional distress, and civil conspiracy. (*See* doc. 36.) They candidly admit that Defendants have not wronged them in any way, and that Defendants are in no way responsible for the injuries they allegedly suffered. (Doc. 199 at 2, 15.)  In the absence of an injury fairly traceable to them, Plaintiffs cannot satisfy the second requirement for Article III standing against Defendants. *Raines*, 521 U.S. at 818; *Lujan*, 504 U.S. at 560-61.[10]  Plaintiffs' claims against them should be dismissed for lack of subject matter jurisdiction.[11]

## III. RECOMMENDATION

Defendants' motion to dismiss for lack of subject matter jurisdiction should be **GRANTED**.[12]

---

[10]  Defendants also contend that Plaintiffs cannot satisfy RICO's statutory standing requirements.  (Doc. 149 at 3-4.)  Because constitutional standing is lacking, the Court does not reach this argument.

[11]  Plaintiffs' response to Defendant's motion to dismiss included a motion for jurisdictional discovery. (Doc. 199 at 1-2.)  Because that request pertained to discovery on the issue of personal jurisdiction, rather than subject matter jurisdiction, it need not be addressed.

[12]  Because Plaintiffs also admit they have not stated a claim against Defendants, dismissal is arguably proper under Rule 12(b)(6) as well.  "While two different standards are applicable, in this case the result is the same under either standard." *SEC v. Founding Partners Capital Management*, 639 F. Supp.2d 1291, 1292 (M.D. Fl. 2009) (granting nominal defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim where plaintiff failed to show that defendant was a proper nominal defendant).  Since the Court is recommending dismissal pursuant to Rule 12(b)(1), it is not necessary to address Defendant's Rule 12(b)(6) motion.

**SO RECOMMENDED**, this 22nd day of January, 2013.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE