IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| R. LANCE FLORES, § | |
| VICKI CLARKSON, § | |
|     Plaintiffs, § | |
| vs. § | Civil No. 3:11-CV-0726-M-BH |
| § | |
| SCOTT ANTHONY KOSTER, et. al, § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Nominal Defendant Bank of America Corporation's Motion to Dismiss*, filed August 2, 2012 (doc. 141). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED**.

**I. BACKGROUND**

On April 8, 2011, R. Lance Flores and Vicki Clarkson (collectively Plaintiffs) filed this *pro se* action against fourteen defendants and eight nominal defendants based on an alleged fraudulent investment scheme. (*See* doc. 1.) On March 19, 2012, Plaintiffs filed an amended complaint adding numerous defendants (including Bank of American Corporation (Defendant)) and alleging different causes of action. (*See* doc. 36.) The amended complaint alleged claims arising under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., and state law claims of fraud in the inducement, common law fraud, negligent misrepresentation and deceit, fraud by nondisclosure, aiding and abetting fraud, breach of confidential or special relationship,

1

promissory estoppel, intentional infliction of emotional distress, and civil conspiracy.[1] (*Id.*) They seek $220,000,000 in actual damages,[2] and ask that the amount be trebled under RICO for a total award of $660,000,000. (*Id.* at 187, 190-191, 217, 219.)[3] The amended complaint further alleges that the defendants are jointly and severally liable. (*Id.* at 12, 219, 221.)

Defendant is one of several "nominal" defendants named in the amended complaint. (*See* Doc. 36.) Plaintiffs do not allege that Defendant engaged in any wrongdoing. (Docs. 141 at 4-5; 177 at 13; 197 at 2.) Plaintiffs named Defendant in the suit in an effort to facilitate the recovery of funds from others denominated as RICO defendants. (*Id.*) The amended complaint alleges that an individual defendant, Jon Divens, transferred interest money from various securities accounts into his account with Bank of America. (Docs. 36 at 52-54, 59; 141 at 4.)

On August 2, 2012, Defendant moved to dismiss pursuant to Rule 12(b)(6). (*See* doc. 141.) With a timely filed response and reply, its motion is ripe for consideration. (*See* docs. 177 and 197.)

## II. RULE 12(b)(6) MOTION

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.

---

[1] Plaintiffs' amended complaint makes numerous references to a case now pending in the Central District of California, *SEC v. Wilde*, 8:11-CV-315-DOC-AWJ, involving several of the named defendants in this case. (Doc. 36 at 8 n. 2, 11 & n. 11, 48 n. 22, 60.) Whether the two suits are related, and to what extent, is unclear from the record.

[2] The source of Plaintiffs' alleged damages is not readily apparent from the amended complaint; the damages sought are not necessarily limited to the sum of Plaintiffs' investment. (*See* doc. 36.)

[3] Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *accord Iqbal*, 556 U.S. at 679. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570;

*accord Iqbal*, 556 U.S. at 680.

## A. Nominal Defendant Doctrine

Defendant contends that the amended complaint fails to state a claim against it. (Doc. 141 at 1, 3-5.) Plaintiffs respond that because they have named Defendant as a nominal defendant, they need not state a claim as to it. (Doc. 177 at 13-16.) Because resolution of Defendant's motion turns on whether Defendant is properly joined as a nominal defendant, this issue will be addressed first.

A nominal defendant

> is a person who can be joined to aid the recovery of relief without an additional assertion of subject matter jurisdiction only because he has no ownership interest in the property which is the subject of litigation. Because a nominal defendant has no ownership interest in the funds at issue, once the district court has acquired subject matter jurisdiction over the litigation regarding the conduct that produced the funds, it is not necessary for the court to separately obtain subject matter jurisdiction over the claim to the funds held by the nominal defendant; rather, the nominal defendant is joined purely as a means of facilitating collection. In short, a nominal defendant is part of a suit only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant.

*Janvey v. Adams*, 588 F.3d 831, 834 (5th Cir. 2009) (quoting *CTFC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 191-192 (4th Cir. 2002) (internal quotation marks omitted)).[4] It is proper to resort to the nominal defendant mechanism when the defendant "holds the subject matter of the litigation 'in a subordinate or possessory capacity as to which there is no dispute.'" *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991) (quoting *Colman v. Shimer*, 163 F. Supp. 347, 351 (W.D. Mich. 1958) (internal quotation marks and citations omitted)). In the usual case, the nominal defendant is a "trustee, agent, or depositary . . . ." *Id*. In order to be considered a proper nominal defendant under *Janvey*, the party: 1) must be in possession of ill-gotten funds; 2) as to which it lacks a

---

[4] "Nothing in the Federal Rules of Civil Procedure uses that [nominal defendant] nomenclature." *Little v. King*, 768 F. Supp.2d 56, 61 (D.D.C. 2001).

legitimate claim of ownership. *Id*. (citing *SEC v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998).[5] The plaintiff bears the burden of proving that a party is properly joined as a nominal defendant. *Colello*, 139 F.3d at 677; *see also Picard Chemical Inc. Profit Sharing Plan v. Perrigo Co.*, 940 F. Supp. 1101, 1137 (W.D. Mich. 1996) (Plaintiffs "may not be joined without a showing that they possess illegally obtained profits without a legitimate claim to them.") (citing *Cherif*, 933 F.2d at 414 n. 11; *SEC v. Antar*, 831 F. Supp. 380 (D.N.J. 1993).

Here, Plaintiffs have alleged that another defendant transferred funds into his business account with Defendant. (Doc. 36 at 53-54, 59.) Nowhere in their amended complaint do they allege that those funds are still in Defendant's possession, that it is in possession of ill-gotten gains from the other defendants' allegedly tortious conduct, or that if it does possess such gains, it has no legitimate ownership interest in the funds.[6] *Janvey v. Adams*, 588 F.3d at 834; *Kimberlynn Creek Ranch, Inc.*, 276 F.3d at 191-192; *SEC v. Cherif*, 933 F.2d at 414. In the absence of specific factual allegations meeting the threshold requirements for invoking the nominal defendant mechanism, Plaintiffs have failed to demonstrate that Defendant has been properly named as a nominal defendant in this case.

Plaintiffs also contend that Rule of Civil Procedure 19(a) supports Defendant's joinder as a nominal defendant because it is a necessary party. (Doc. 177 at 15.) To the extent that courts have

---

[5] *See also SEC v. Cavanaugh*, 445 F.3d 105, 109-110 (2d Cir. 2006); *SEC v. George*, 426 F.3d 786, 798 (6th Cir. 2005); *Kimberlynn Creek Ranch, Inc.*, 276 F.3d at 191-192; *Colello*, 139 F.3d at 676; *Cherif*, 933 F.2d at 414 n. 11.

[6] Plaintiffs' brief in opposition to the motion purports to identify financial accounts of other defendants at Bank of America, NA, not Defendant. (Doc. 177 at 10.) Plaintiffs' brief also includes conclusory statements that Defendant is holding disputed funds of the RICO defendants without any factual support. (*Id*. at 16-17.) Because these allegations are not contained in the amended complaint, they have not been considered. Even if considered, however, these conclusory allegations still do not meet the *Janvey* threshold requirements.

utilized Rule 19(a) as an aid in determining whether a party is a nominal defendant, they have concluded that classification of a party as necessary or indispensable forecloses status as a nominal defendant. *Farias v. Bexas County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991) (A nominal party is one which is "neither necessary nor indispensable to join in the action.") (in the context of removal and diversity jurisdiction).[7] In *Cherif,* the Seventh Circuit stated:

> By definition, a nominal defendant cannot be a "necessary" or "indispensable" party, as those terms are used in FED. R. CIV. P. 19. A necessary party is one who "claims an interest relating to the subject of the action." A nominal defendant . . . has no interest in the property that is the subject of the litigation.

933 F.2d at 414 n. 13 (citing *Salem Trust Co. v. Manufacturers' Finance Co.*, 264 U.S. 182, 188-200 (1924).

Plaintiffs have not satisfied their burden of showing that Defendant is a proper nominal defendant, e.g., that Defendant is in possession of ill-gotten gains over which it has no claim of entitlement. Because they have not met their burden, it is proper to consider Defendant's 12(b)(6) challenge to Plaintiffs' amended complaint.[8]

## B.  Failure to State a Claim

Defendant asserts that dismissal under Rule 12(b)(6) is proper because the amended complaint includes neither specific factual allegations giving rise to a claim against it, nor does the amended complaint plead the elements of any cause of action as relates to Defendant.[9] (Docs. 141

---

[7] *See also American Asset Finance, LLC v. Corea Firm*, 821 F. Supp.2d 698, 700 (D.N.J. 2011); *Mallalieu-Golder Ins. Agency, Inc. v. Executive Risk Indemnity, Inc.*, 254 F. Supp.3d 521, 524-524 (M.D. Pa. 2003);

[8] Some courts have used Rule 21 as a mechanism for dropping defendants who are improperly joined as nominal defendants. Fed. R. Civ. P. 21; *see also Moubry v. Kreb*, 58 F. Supp.2d 1041, 1048 (D. Minn. 1999) ("Dismissal [pursuant to Rule 21] is proper as to nominal defendants from whom no relief is sought.").

[9] Defendant also moves to dismiss any claims against it as groundless and in bad faith pursuant to Chapters 9 and 10 of the Texas Civil Practice and Remedies Code. (Doc. 141 at 5.) Because Defendant did not brief this

at 3; 197 at 1.)

Here, Plaintiffs allege claims arising under RICO and state law claims of fraud in the inducement, common law fraud, negligent misrepresentation and deceit, fraud by nondisclosure, aiding and abetting fraud, breach of confidential or special relationship, promissory estoppel, intentional infliction of emotional distress, and civil conspiracy. (*See* doc. 36.) They candidly admit that Defendant has not wronged them in any way, and that Defendant is in no way responsible for the injuries they allegedly suffered. (Doc. 177 at 13, 15.) Absent allegations of specific facts showing a plausible claim to relief against Defendant, the amended complaint must be dismissed as to Defendant. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 680; *Guidry*, 954 F.2d at 281.

### III. RECOMMENDATION

The motion to dismiss should be **GRANTED**.

**SO RECOMMENDED**, this 22nd day of January, 2013.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

issue, it is not considered here. *See Muniz v. El Paso Marriott*, 773 F. Supp.2d 674, 684 (W.D. Tex. 2011) (citing cases) (finding that failure to brief an argument constitutes waiver); *Hernandez v. Duncanville Sch. Dist.*, No. 3:04-CV-2008-BH-B, 2005 WL 3293995, at *20 n. 30 (N.D. Tex. Dec. 5, 2005) (Mag. ) (declining to address issue not briefed).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE