IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| R. LANCE FLORES, | § | |
| VICKI CLARKSON, | § | |
|     Plaintiffs, | § | |
| vs. | § | Civil No. 3:11-CV-0726-M-BH |
| | § | |
| SCOTT ANTHONY KOSTER, et. al, | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Defendant John Childs' Motion to Dismiss Pursuant to Rule 12(b)(5)*, filed March 21, 2012 (doc. 41). Based on the relevant filings and applicable law, the motion to dismiss should be **DENIED**.

**I. BACKGROUND**

On April 8, 2011, R. Lance Flores and Vicki Clarkson (collectively Plaintiffs) filed this *pro se* action against fourteen defendants and eight nominal defendants based on an alleged fraudulent investment scheme. (*See* doc. 1.) In their amended complaint, Plaintiffs added numerous defendants (including John T. Childs (Defendant)) and asserted different causes of action. (*See* doc. 36.) The amended complaint alleges claims arising under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., and state law claims of fraud in the inducement, common law fraud, negligent misrepresentation and deceit, fraud by nondisclosure, aiding and abetting fraud, breach of confidential or special relationship, promissory estoppel,

1

intentional infliction of emotional distress, and civil conspiracy.¹ (*Id*.) Plaintiffs seek $220,000,000 in actual damages² and ask that the amount be trebled under RICO for a total award of $660,000,000. (*Id*. at 187, 190-191, 217, 219.)³ The amended complaint further alleges that the defendants are jointly and severally liable. (*Id*. at 12, 219, 221.)

On the 119th day after filing their initial complaint, August 5, 2011, Plaintiffs moved for additional time to effect service and for alternative (email) service. (*See* doc. 10.) On February 1, 2012, the Court granted Plaintiffs' motion, extending the time for service twenty-one days (through February 22, 2012) and giving them leave to serve certain defendants (including Defendant) by email. (*See* doc. 12.) The Clerk of Court issued a summons for Defendant on February 21, 2012. (*See* doc. 17.) On February 22, 2012, Plaintiffs filed a proof of service as to Defendant, attesting that he was served with copies of the summons and complaint by email that same day. (*See* doc. 16.)

After Plaintiffs filed their amended complaint on March 19, 2012, Defendant moved to dismiss based on Rule 12(b)(5). (*See* doc. 41.) He submitted an affidavit averring that Plaintiffs knew his address at all times and that their assertion that they could not locate him to serve him with the lawsuit was "disingenuous."⁴ (*See* doc. 41-1 at 2.) With a timely filed response and reply, his

---

¹ Plaintiffs' amended complaint makes numerous references to a case now pending in the Central District of California, *SEC v. Wilde*, 8:11-CV-315-DOC-AWJ, involving several of the named defendants in this case. (Doc. 36 at 8 n. 2, 11 & n. 11, 48 n. 22, 60.) Whether the two suits are related, and to what extent, is unclear from the record.

² The source of Plaintiffs' alleged damages is not readily apparent from the amended complaint or from their "Verified Prove-Up of Damages"; the damages sought are not necessarily limited to the sum of Plaintiffs' investment. (*See* docs. 36 and 106.)

³ Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

⁴ Defendant's affidavit did not attempt to refute Plaintiffs' prior testimony that Childs communicated an intent to evade service, or to dispute Plaintiffs' averment that Childs' attorney refused to accept process on his behalf. (Doc. 10 at 4.)

motion is ripe for consideration.  (*See* docs. 178 and 194.)

## II. RULE 12(b)(5) MOTION

Defendant moves to dismiss under FED. R. CIV. P. 12(b)(5).  (*See* doc. 41.)

Rule 12(b)(5) of the Federal Rules of Civil Procedure "permits a challenge to the method of service attempted by the plaintiff," or the lack of delivery of the summons and complaint.  *See* FED. R. CIV. P. 12(b)(5); *Tinsely v. Comm'r of I.R.S.*, No. 3:96-CV-1769-P, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998).  A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure.  *See Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983) (holding the court had personal jurisdiction over defendants because plaintiff properly served them in compliance with Rule 4).

**A.    Insufficient Service**

Defendant contends that Plaintiffs failed to effect service in a manner permitted by FED. R. CIV. P. 4(e).  (*See* doc. 41 at 1-4.)

Rule 4(e) governs service on individuals.  It provides in relevant part:

[A]n individual . . . may be served in a judicial district of the United States by:

(1)     following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2)     Doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

3

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

F. R. CIV. P. 4(e)(1)-(2). Plaintiffs have the burden to ensure that defendants are properly served with summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1). A return of service is *prima facie* evidence of the manner of service. *Nabulsi v. Nahyan*, No. H-06-2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009), *aff'd* 383 F. App'x 380 (5th Cir. 2010).

Here, it is undisputed that Defendant is an individual and that Plaintiffs did not effect service on him in compliance with Rule 4(e)(2)(A)-(C). As noted in the Court's February 1, 2012 order, however, TEX. R. CIV. P. 106(b)(2) extends courts authority to sign an order authorizing service "in any other manner that . . . will be reasonably effective to give the defendant notice of the suit" so long as certain conditions have been met. (*See* doc. 12 at 6-7.) The Court found that Plaintiffs offered sufficient evidence to satisfy the requisite conditions, and granted Plaintiffs' motion to serve Defendant by email. (*Id.*) Plaintiffs acted pursuant to authority granted by the Court, and the proof of service demonstrates that Plaintiffs served Defendant in accordance with the terms of the February 1, 2012 order.

Where there is no defect on the face of the return of service, a defendant must produce admissible evidence showing that service was not effected properly. *Nabulsi*, 2009 WL 1658017, at *4 (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). Unless some defect in service is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires the defendant to produce admissible evidence establishing the lack of proper service. *Id*. Here, Defendant's affidavit does not demonstrate that the service effected by Plaintiffs was improper or ineffective. (*See* doc. 41-1.) It only attacks the evidentiary basis for the motion, and resulting order, granting Plaintiffs leave to serve him by e-mail. Defendant has cited no authority to support

his claim that service may be quashed on this basis or that it warrants dismissal. Quashing service and requiring Plaintiffs to serve Defendant by another method would merely result in unnecessary delay. *See Grant-Brooks v. Nationscredit Home Equity Servs. Corp.*, No. 3:01-CV-2327, 2002 WL 424566, at *4 (N.D. Tex. Mar. 15, 2002) ("[D]ismissal is not appropriate unless 'there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant.'") (citation omitted). Because Defendant does not dispute that the Court-authorized service of the summons and complaint by certified email provided him with actual notice of the lawsuit and an opportunity to defend against it, Defendant's motion to dismiss for insufficient service of process should be denied. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

**B.     Untimely Service**

Defendant contends that dismissal is proper because Plaintiffs failed to effect service within the time allowed under FED. R. CIV. P. 4(m). (Doc. 41 at 1, 4.)

Where proper service is not made within 120 days of filing a complaint, an action is subject to *sua sponte* dismissal, without prejudice. FED. R. CIV. P. 4(m). However, dismissal is not proper "if the plaintiff shows good cause for the failure" to properly effect service and a court should extend the time to serve the defendant. The plaintiffs bears the burden of showing good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. U.S.*, 9 F.3d 344, 345 (5th Cir. 1993) (per curiam)).

Here, Plaintiffs moved to extend the time for service on the 119th day after the complaint

was filed. Based on the averments in Plaintiffs' verified motion, the Court found good cause to extend the time for service. (*See* doc. 12.) The order granting Plaintiffs' motion extended the time for service to February 22, 2012. (*Id.*) Plaintiffs served Defendant with the summons and complaint by e-mail on February 22, 2012, within the extended deadline established by the February 1, 2012 order. Defendant's motion to dismiss on grounds that Plaintiffs did not timely effect service should be denied.

### III. RECOMMENDATION

The motion to dismiss should be **DENIED**.[5]

**SO RECOMMENDED**, this 24th day of January, 2013.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiffs responded to Defendant's motion to dismiss with a motion to strike that was denied on December 21, 2012. (*See* docs. 71, 258). In its reply, Defendant moved to strike Plaintiffs' motion. (*See* 96.) That motion was deemed withdrawn on October 29, 2012. (*See* doc. 219.)