**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| R. LANCE FLORES, § | |
| VICKI CLARKSON, § | |
|     Plaintiffs, § | |
| vs. § | Civil No. 3:11-CV-0726-M-BH |
| § | |
| SCOTT ANTHONY KOSTER, et. al, § | |
|     Defendants. § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *pro se Defendant Mark Alan Gelazela's Motion to Dismiss*, filed October 24, 2012 (doc. 216). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED**.

**I. BACKGROUND**

On April 8, 2011, R. Lance Flores (Flores) and Vicki Clarkson (Clarkson) (collectively Plaintiffs) filed this *pro se* action against fourteen defendants (including William Chandler Reynolds (Defendant)) and eight nominal defendants based on an alleged fraudulent investment scheme. (*See* doc. 1.) On March 19, 2012, Plaintiffs filed an amended complaint adding numerous defendants and alleging different causes of action. (*See* doc. 36.) The amended complaint alleged claims arising under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., and state law claims of fraud in the inducement, common law fraud, negligent misrepresentation and deceit, fraud by nondisclosure, aiding and abetting fraud, breach of confidential or special relationship, promissory estoppel, intentional infliction of emotional distress,

and civil conspiracy.[1] (*Id.*) They seek $220,000,000 in actual damages,[2] and ask that the amount be trebled under RICO for a total award of $660,000,000. (*Id.* at 187, 190-191, 217, 219.)[3] The amended complaint further alleges that the defendants are jointly and severally liable. (*Id.* at 12, 219, 221.)

The complaint alleged that Defendant's "last known address" was 26 Marlwood Lane, Palm Beach Gardens, Florida, 33418, but that he appeared to be a resident of Marina del Rey, California. (Doc. 1 at 17.) By contrast, the summons issued for Defendant by the Clerk of Court on April 18, 2011, listed his address for service as 3677 Jasmine Avenue # 10, Los Angeles, California 90034. (Doc. 4 at 11.) On February 25, 2012,[4] Plaintiffs filed a proof of service as to Defendant, asserting that "substitute" service was effected by leaving copies of the summons and complaint with his "co-resident," William Chandler Reynolds (Reynolds), at 26 Marlwood Lane, Palm Beach Gardens, Florida, 33418. (Doc. 22 at 1-2.)

On October 24, 2012, Defendant moved to dismiss on grounds of insufficient service of process. (*See* doc. 216.) Plaintiffs did not respond; the motion is ripe for consideration.

---

[1] Plaintiffs' amended complaint makes numerous references to a case now pending in the Central District of California. *SEC v. Wilde*, 8:11-CV-315-DOC-AWJ, involving several of the named defendants in this case. (Doc. 36 at 8 n. 2, 11 & n. 11, 48 n. 22, 60.) Whether the two suits are related, and to what extent, is unclear from the record.

[2] The source of Plaintiffs' alleged damages is not readily apparent from the amended complaint; the damages sought are not necessarily limited to the sum of Plaintiffs' investment. (*See* doc. 36.)

[3] Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

[4] On the 119th day after filing their initial complaint, August 5, 2011, Plaintiffs moved for additional time to effect service and for alternative (email) service. (*See* doc. 10.) On February 1, 2012, the Court granted Plaintiffs' motion, extending the time for service twenty-one days (through February 22, 2012) and giving them leave to serve certain defendants by email. (*See* doc. 12.)

## II.  RULE 12(b)(5) MOTION

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(5).  (*See* doc. 216.)  He contends that not only has he never lived at 26 Marlwood Lane in Palm Beach Gardens, Florida, but that he had never authorized Reynolds to accept service on his behalf.  (*Id.*)

Rule 12(b)(5) of the Federal Rules of Civil Procedure "permits a challenge to the method of service attempted by the plaintiff," or the lack of delivery of the summons and complaint.  *See* Fed. R. Civ. P. 12(b)(5); *Tinsely v. Comm'r of I.R.S.*, No. 3:96-CV-1969-P, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998).  A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure.  *See Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983) (holding the court had personal jurisdiction over defendants because plaintiff properly served them in compliance with Rule 4).

Rule 4(e) governs service on individuals.  It provides in relevant part:

[A]n individual . . . may be served in a judicial district of the United States by:
(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
   (A) delivering a copy of the summons and of the complaint to the individual
    personally;
    (B) leaving a copy of each at the individual's dwelling or usual place of abode with
   someone of suitable age and discretion who resides there; or
   (C) delivering a copy of each to an agent authorized by appointment or by law to
   receive service of process.

F.R. Civ. P. 4(e)(1)-(2).  Plaintiffs have the burden to ensure that defendants are properly served with summons and a copy of the complaint.  Fed. R. Civ. P. 4(c)(1).  A return of service is *prima facie* evidence of the manner of service.  *Nabuslsi v. Nahyan*, No. H-06-2683, 2009 WL 1658017,

3

at *4 (S.D. Tex. June 12, 2009), *aff'd*, 383 F. App'x 380 (5th Cir. 2010).  Unless some defect in service is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires the defendant to produce admissible evidence establishing the lack of proper service. *Nabulsi*, 2009 WL 1658017, at *4 (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)).

Here, it is undisputed that Defendant is an individual.  The proof of service clearly shows that Defendant was not personally served with a copy of the summons and complaint in compliance with Rule 4(e)(2)(A).  It states only that the process server left it with Reynolds, Defendant's co-resident and authorized agent for service of process.  Because the complaint alleges that Defendant lives in Marina Del Rey, California however, *not* Palm Beach Gardens, Florida, the attempted service did not comply with Rule 4(e)(2)(B).  The complaint includes no allegation that Reynolds was Defendant's authorized agent for service of process.  As a result, the attempted service could not comply with Rule 4(e)(2)(C).  *Cross v. City of Grand Praire*, No. 3:96-CV-0446-P, 1998 WL 133143, at *7 (N.D. Tex. Mar. 17, 1998) (quoting *Gipson v. Township of Bass River*, 82 F.R.D. 122, 125 (D.N.J. 1979) (noting that "an actual appointment for the specific purpose of receiving process is normally expected").  The information on the return of service conflicts with the allegations in the complaint, and Plaintiffs did not respond to the motion with evidence of proper service. Defendant's motion to dismiss for insufficient service of process should therefore be granted.

Dismissal based on insufficient service of process, when Plaintiff's deadline for serving has not expired, is usually without prejudice to allow plaintiff an opportunity to effect proper service. *See Grant-Brooks v. Nationscredit Home Equity Services Corp.*, No. 3:01-CV-2327, 2002 WL 424566, at *5 (N.D. Tex. Mar. 15, 2002).  As an alternative to dismissal, a district court has

4

discretion to quash service and give the plaintiff an additional opportunity to properly effect service. *See Shabazz v. Service Employees Int's Union*, No. 3:04-CV-229-M, 2004 WL 1585808, at *2 (N.D. Tex. July 13, 2004) (citing *Cross v. City of Grand Prairie*, No. 3:96-CV-0446-P, 1998 WL 133143, at *7 (N.D. Tex. Mar. 17, 1998); *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d. Cir. 1985); *Grant-Brooks*, 2002 WL 424566, at *4). Here, although Plaintiffs moved for and received additional time to serve Defendant, the extended February 22, 2012 deadline has long since expired. *Craddock v. Halverson*, No. 7:04-CV-020-R, 2004 WL 2381715, at *1 (N.D. Tex. Oct. 22, 2004) (citing *Kreimerman v. Casa Veerkamp*, 22 F.3d 634, 645 (5th Cir. 1994) ("When the time to effect service has expired, the party required to serve process has the burden of demonstrating 'good cause' for its failure to do so."). Plaintiffs did not respond to the present motion, and they have not attempted to demonstrate good cause for their failure to effect proper service on Defendant. Dismissal is therefore proper.

### III. RECOMMENDATION

The motion to dismiss should be **GRANTED**.

**SO RECOMMENDED**, this 20th day of May, 2013.

*[signature: Irma Carrillo Ramirez]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE